KIMES–BROWN, Appellee,

v.

VINTON COUNTY COMMISSIONERS et al., Appellants.

[Cite as *Kimes–Brown v. Vinton Cty. Commrs.*, 160 Ohio App.3d 238, 2005-Ohio-1586.]

Court of Appeals of Ohio,
Fourth District, Vinton County.

No. 04CA593.

Decided March 30, 2005.

Timothy P. Gleeson, Vinton County Prosecuting Attorney, for appellants.

Trecia Kimes–Brown, pro se.

HARSHA, Judge.

{¶ 1} The Vinton County Commissioners, Michael Bledsoe, Todd Gibson, and James Harper, and the Vinton County Auditor, Cindy Trainer–Owings, appeal the trial court's judgment ordering them to pay $40 in court costs in this small claims action. They assert that the court improperly entered a finding of fact

and a judgment without holding an evidentiary hearing. Because R.C. 1925.15 gives a court discretion to award court costs and states nothing about holding an evidentiary hearing, the commissioners and the auditor's argument is meritless.

{¶ 2} Kimes–Brown filed a complaint against the commissioners and the auditor in small claims court, seeking payment of appointed counsel fees and expenses. She requested $1,226.20, plus ten percent interest, attorney fees, and costs.

{¶ 3} The trial court subsequently filed an entry in which it noted that at an apparently unrecorded pretrial conference, the parties had agreed that "the underlying obligations for court appointed counsel fees had been satisfied." The court thus ruled: "The only issue left for consideration is whether [the commissioners and the auditor are] obligated to pay court costs when [Kimes–Brown] is required to bring suit to enforce a valid debt. The court finds the answer is in the affirmative." The court thus ordered the commissioners and the auditory to pay appellee $40 for court costs.

{¶ 4} The commissioners and the auditor appealed the trial court's judgment and assign the following error: "The trial court erred by entering a finding of fact and judgment without holding an evidentiary hearing."

{¶ 5} In their sole assignment of error, the commissioners and the auditor contend that the trial court erred by entering judgment in Kimes–Brown's favor without holding an evidentiary hearing and without taking any evidence. They object to the court's finding that Kimes–Brown's debt was valid and assert that the court deprived them of any opportunity to present a defense.

{¶ 6} Kimes–Brown argues that an evidentiary hearing was unnecessary because appellants had paid the amount past due, rendering the underlying claim moot and leaving court costs as the only issue. She contends that nothing required the court to hold an evidentiary hearing regarding who should pay court costs.

{¶ 7} R.C. 1925.15 governs costs in small claims proceedings and states: "The actual disbursements of the prevailing party for filing fees, execution fees, and other court fees may be allowed as costs. No other costs shall be allowed either party except by special order of the court. Costs allowed under this section may be apportioned between the parties, or waived, in whole or in part, as the court determines to be equitable." Nothing in the statute requires the court to hold an evidentiary hearing before awarding court costs. Cf. *In re Carter*, Jackson App. Nos. 04CA15 and 04CA16, 2004-Ohio-7285, 2004 WL 3090250 (stating that nothing in R.C. 2152.20(C) requires a court to hold a hearing on court costs). Instead, the statute provides the court with discretion to do what is equitable in

the context of the matter before it. Being familiar with the proceedings, the court was free to award costs at its discretion.

{¶ 8} Furthermore, the commissioners and the auditor cannot challenge the court's finding that Kimes–Brown's debt was valid. They do not dispute that they paid the underlying debt; once the commissioners and auditor paid the debt, they waived any issue regarding its validity. Thus, they cannot now argue that the trial court erred by stating that the debt was valid.

{¶ 9} Accordingly, we overrule the commissioners and the auditor's sole assignment of error and affirm the court's judgment.

Judgment affirmed.

PETER B. ABELE, P.J., and MCFARLAND, J., concur.